IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| M&T BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    No. 14-cv-02566-JTF-dkv |
| | ) |
| CHARLEY MAE MARTIN, | ) |
| | ) |
|     Defendant. | ) |

_____

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

_____

On July 23, 2014, the defendant, Charley Mae Martin ("Martin") filed a notice of removal of a state court action titled *M & T Bank v. Charley Mae Martin*, No. CH-14-0942-3, from the Shelby County Chancery Court, (Notice of Removal, ECF No. 1), accompanied by a motion seeking leave to proceed *in forma pauperis*, (ECF No. 2). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Pursuant to 28 U.S.C. § 1915(a), the court conducted an inquiry into Martin's ability to pay the filing fee and prosecute the lawsuit. The court determined that Martin's *in forma pauperis* affidavit did not satisfy her burden of

demonstrating that she is unable to pay the civil filing fee. In her July 23, 2014 affidavit, Martin indicated that she has no income or expenses at all, and she did not provide any other information to indicate how she is supported. (*See* ECF No. 2.) Accordingly, On July 28, 2014, the court ordered Martin to submit within thirty days either the $400 civil filing fee or a property completed and signed application to proceed *in forma pauperis*. (ECF No. 4.) Martin was warned that failure to comply with the July 28, 2014 order in a timely manner would result in dismissal of the action pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. (*Id.*)

On September 5, 2014, more than thirty days after the time permitted for response, Martin filed another motion seeking leave to proceed *in forma pauperis* supported by another affidavit. (ECF No. 7.) Martin's September 5, 2014 affidavit is identical to Martin's first affidavit filed on July 23, 2014. In her September 5, 2014 affidavit, Martin once again indicated that she has no income, no cash, no assets, and no expenses. (ECF No. 7.) Martin does not provide any other information to indicate how she is supported. (*Id.*) Throughout the affidavit, Martin handwrote the symbol "NA," indicating that the information requested doesn't apply to her. (*See id.*) Further, Martin did not provide the city and state of her residence, or the last four digits of her social security

number, as requested by the *in forma pauperis* form. (*See id.* ¶ 12.)  Martin's September 5, 2014 affidavit contains no information on her financial assets, and thus, it does not satisfy the requirements of 28 U.S.C. § 1915(a)(1).

Notably, this is the second of two actions brought by Martin before this court in relation to the foreclosure sale of the same property.  On February 28, 2014, Martin filed a *pro se* complaint entitled "Complaint to Restraint, Restrict, Prohibit, and Set Aside Foreclosure," in the federal district court for the Western District of Tennessee, docketed as Case No. 2:14-cv-02145-JTF-dkv.  *See* Complaint, Martin v. M & T Bank, et al., No. 2:14-cv-02145-JTF-dkv (W.D. Tenn. Feb. 28, 2014), ECF No. 1.  In an order dated March 10, 2014, the court directed Martin to file a properly completed *in forma pauperis* affidavit or pay the civil filing fee.  *See* Order, *Martin*, No. 2:14-cv-02145-JTF-dkv, ECF No. 5.  Martin failed to comply with the March 10, 2014 order by providing an affidavit which was untimely, contradictory, and incomplete, thus, the case was dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Order Adopting R&R and Dismissing, *Martin*, No. 2:14-cv-02145-JTF-dkv, ECF No. 12.

In the instant case, Martin has failed to comply with the court's July 28, 2014 order and has offered no justification for her failure.  Martin's second *in forma pauperis* affidavit filed

on September 5, 2014 was untimely, and it was not properly completed. Martin was sufficiently warned that failure to comply with the court's July 28, 2014 order would result in dismissal of this action. Moreover, the court previously dismissed Martin's February 28, 2014 action for identical reasons, and thus, Martin was aware of the consequences of failing to file a timely and properly completed *in forma pauperis* affidavit. Accordingly, it is recommended that this removal action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, and that the case be remanded to Shelby County Chancery Court.

Respectfully submitted this 16th day of September, 2014.

s/ Diane K. Vescovo_____
Diane K. Vescovo
United States Magistrate Judge