IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| M&T BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:14-cv-2566-JTF-dkv |
| | ) | |
| CHARLEY MAE MARTIN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER REJECTING REPORT AND RECOMMENDATION FOR *SUA SPONTE*
DISMISSAL AND ORDER FOR DEFENDANT TO SHOW CAUSE**

Before the Court is *pro se* Defendant's Notice of Removal filed on July 23, 2014. (ECF No. 1). Defendant filed with an accompanying motion seeking leave to proceed *in forma pauperis*. (ECF No. 2). This case was referred to the United States Magistrate Judge for management for all pretrial matters. (ECF No. 3). The Magistrate Judge determined that Defendant's motion seeking *in forma pauperis* status was not sufficient in establishing Defendant's inability to pay; therefore, on July 28, 2014, the Magistrate Judge ordered the Defendant to file a properly supported motion for *in forma pauperis* status or pay the appropriate filing fee. (ECF No. 4). The Defendant was warned that failure to comply within thirty (30) days would result in a dismissal under 41(b) for failure to prosecute. Defendant filed a second Motion for Leave to Proceed *in forma pauperis* on September 5, 2014. (ECF No. 7). The second *in forma pauperis* motion contained the same affidavit that was found insufficient before. As such, the Magistrate Judge recommends that the case be dismissed for want of prosecution

1

pursuant to Fed. R. Civ. P. 41(b). (ECF No. 8). No objections have been filed to the Magistrate Judge's Report and Recommendation.

After reviewing the Magistrate Judge's Report and Recommendation and the entire record in this case, the Court hereby REJECTS the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." This rule is improper when, as in here, the failing party is the defendant in the action. Further, the Magistrate Judge recommends that after dismissal the case be remanded to Shelby County Chancery Court. 28 U.S.C. § 1447(c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." The Sixth Circuit has interpreted this provision to mean that only a party to the suit can bring such a motion. *Page v. City of Southfield*, 45 F.3d 128, 134 (6th Cir. 1995) ("The district court should not interfere with an agreed upon forum until the plaintiff, by motion, indicates an objection to the removal procedure or the court determines that subject matter jurisdiction is lacking."). In short, "§ 1447(c) prohibits a district court from remanding *sua sponte* for a procedural defect." *Id.* ("[S]ua sponte remands on non-jurisdictional grounds run contrary to the goals of the statute.").

Based on Defendant's failure to file a proper Motion for Leave to Proceed *in forma pauperis* and, in the alternative, Defendant's failure to pay the filing fee for removal of the action to federal court, Defendant is directed to show cause for the delay in submitting a proper *in forma pauperis* motion/filing fee. Defendant shall have until October 31, 2014 to either pay the filing fee or to submit a proper *in forma pauperis* motion with a supporting affidavit.

Defendant's failure to submit either will result in an entry of default by the Court Clerk and a default judgment by this Court.

IT IS THEREFORE ORDERED that Defendant shall have until October 31, 2014 to either pay the filing fee or to submit a proper *in forma pauperis* motion with a supporting affidavit.

IT IS SO ORDERED this 22nd day of October, 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE